UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | |
|---|---|
| ARTHUR T. MOYER, an individual ) | |
| ) | |
| **Plaintiff** ) | |
| v. ) | **COMPLAINT** |
| ) | |
| COMMONWEALTH FINANCIAL ) | **JURY TRIAL DEMANDED** |
| SYSTEMS, INC., doing business as ) | |
| NORTHEAST CREDIT AND COLLECTIONS ) | |
| and CFS ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

### II. PARTIES

3. Plaintiff, Arthur T. Moyer ("Plaintiff"), is a natural person who resides at 426 Brookside Dr., Perkasie, PA 18944 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5. Defendant, Commonwealth Financial Systems, Inc., d/b/a Northeast Credit and Collections ("CFS or NCC"), is a corporation organized under the laws of Pennsylvania and, at all relevant times herein, operated under its corporate name or under the name of CFS or NCC, with an address at 245 Main Street, Dickson City, PA 18519 and operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3. At all times relevant hereto, Defendants acted by each other and through their agents, officers, contractors, servants, workmen and/or employees who acted within the scope of their authority and within the course of their employment.

6. Defendant, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

7. On or about December 12, 2012, Defendant CFS sent Plaintiff a letter about an alleged debt on a consumer loan that it had purchased. A true and correct copy of the afore-stated letter is attached hereto as Exhibit "A".

8. In the afore-referenced letter, Defendant CFS states the current balance due on the alleged debt was $1,908.93.

9. On or about December 28, 2012, Plaintiff sent Defendant CFS a letter via certified mail requesting validation of the alleged debt, disputing the debt and requesting Defendant to cease communications with Plaintiff. The certified letter was signed for by Defendant CFS on January 3, 2013. A true and correct copy of the afore-stated letter and proof of delivery of same is attached hereto as Exhibit "B".

10. On or about December 28, 2012, in response to CFS's letter, Plaintiff also sent certified letters disputing the alleged debt to Experian, Equifax and TransUnion via certified mail.

11. Plaintiff's letters were signed for and received by the aforesaid credit reporting agencies by Transunion on December 31, 2012, Equifax on January 4, 2013 and Experian on January 11, 2013. True and correct copies of the Equifax letter and proof of delivery of same are attached hereto as Exhibit "C".

12. On February 2, 2013 Plaintiff received a report from Equifax which failed to note that the alleged debt with Defendant was disputed. Upon information and belief, Defendant failed to note a dispute on the Transunion and Experian credit reports.

13. In a letter dated February 18, 2013 Defendant CFS continued collection efforts despite failing to respond to Plaintiff's validation letter. A true and correct copy of the afore-stated letter is attached hereto as Exhibit "D".

14. In the aforereferenced letter dated February 18, 2013, Defendant CFS claims that the balance owing on the alleged debt is $1926.92, an increase of $17.99 from the amount stated as owing in Defendant CFS's December 12, 2012 letter to Plaintiff.

15. Defendant had no legal or factual basis to increase the amount of debt.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. section 1692, et seq.**

16. Plaintiff incorporates his allegations of paragraphs 1 through 15 as though set forth at length herein.

17. Defendant's actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

   (a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   (b) Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection.

   (c) Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount or legal status of the alleged debt.

   (d) Defendant violated 15 U.S.C. § 1692e(8) by failing to communicate that the alleged debt was disputed.

   (e) Defendant violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

   (f) Defendant violated 15 U.S.C. § 1692g(b) by failing to validate the debt and by continuing collection efforts before the debt was validated.

18. As a direct and proximate result of the Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

19. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

20. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

21. As a result of the foregoing violations of the FDCPA, Defendant are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

24. As a result of each of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arthur Moyer, prays that judgment be entered against each and every Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5)     Order Defendant to report that the alleged account is disputed with all credit reporting agencies in which the account has been reported as delinquent or in default.

(6)     Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

25.     Plaintiff incorporates his allegations of paragraphs 1 through 24 as though set forth at length herein.

26.     Defendant violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arthur Moyer, prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendant violated the FCEU;

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

27. Plaintiff incorporates his allegations of paragraphs 1 through 26 as though set forth at length herein.

28. Defendant violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

29. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendant include, but are not limited to, the following:

Defendant engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

30. Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arthur Moyer, prays that judgment be entered against each and every Defendant for the following:

(1) An Order declaring that Defendant violated the UTCPL

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

31. Plaintiff incorporates his allegations of paragraphs 1 through 30 as though set forth at length herein.

32.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

                                      Respectfully submitted,

                                      <u>MPF8441/s/*Michael P. Forbes*</u>

                                      Law Office of Michael P. Forbes, P.C.
                                      By: Michael P. Forbes, Esquire
                                      Attorney for Plaintiff
                                      Attorney I.D.#55767
                                      200 Eagle Road
                                      Suite 220
                                      Wayne, PA 19087
                                      (610 293-9399
                                      (610)293-9388 (Fax)
                                      <u>michael@mforbeslaw.com</u>
                                      *Attorney for Plaintiff, Arthur Moyer*

# EXHIBIT A

CTCOMM01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**NCC**

A division of Commonwealth Financial Systems, Inc.
Tel: (570) 347-1115   Fax: (570) 963-1644

Hours of Operation – Eastern Time
Monday – Thursday 8am – 9pm
Friday 8am – 5pm, Saturday 8am – 12pm

December 4, 2012

39424119-234    927540887

**Personal & Confidential**
Arthur Moyer
426 Brookside Dr
Perkasie PA 18944-2464

SEND ALL CORRESPONDENCE TO:
NCC
245 Main Street
Dickson City PA 18519-1641

NCC Account #: ▮4119
Original Creditor: HOUSEHOLD BANK
RE:
Original Account #: ▮3374
Amount Due: $1,908.93

Please Detach And Return In The Enclosed Envelope With Your Payment

---

Original Creditor: HOUSEHOLD BANK
Original Account #: ▮3374
Amount Due: $1,908.93

Dear Arthur Moyer

Please be advised that your account has been placed with NCC by Jumpstart Fund I LP, the purchaser of the above referenced account. If you consider this debt to be valid, please remit payment to the above listed address.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please review the Privacy Notice contained on the back of this letter for an explanation of the Account Owners policies and procedures regarding the use of non-public, personal information.

Please make all inquiries to NCC and not the original creditor as they may not have information readily available due to the sale of this account.

**This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.**

Sincerely,

Jerry Jones Ext. 175
866-927-9374

TCTCOMM01234

Notice: See Reverse Side for Important Information.

NCC ♦ 245 Main Street ♦ Dickson City PA 18519-1641 ♦ Tel: (570) 347-1115 ♦ Fax: (570) 963-1644

2772480230

**To chat with a live agent or pay online visit www.necredit.com or to pay using our 24/7 automated direct pay system call 1-866-579-9524**

Your NCC/Commonwealth account number is ████4119.

To pay by check or credit card using our automated direct pay system, please call 1-866-579-9524.
Your NCC/Commonwealth account number is 39424119. Or fill in the information below and return the entire letter to us. I authorize my creditor to charge my obligation to the charge card below.
Note that a $7.00 processing fee may be added to all credit card payments, if allowed by the laws of your state.

**WE ACCEPT**
☐ VISA  ☐ MasterCard

| Account Number | Payment Amount | Expiration Date |
|---|---|---|
| | $ | / |

Card Holder Name      Signature of Card Holder      Date      CVV Number

JUMPSTART FUND 1, LP
PRIVACY POLICY

This notice is being forwarded to you in compliance with the requirements of the Gramm-Leach-Bliley Privacy Act. 15 U.S.C. sec. 6801 et seq. It has no reflection or bearing upon the status of your account.

**Information We May Collect**
Jumpstart Fund 1 (the "Account Owner" or "we") collects non public personal information about you that is obtained from one or more of the following sources:
1. Information we received from companies that sold us your account (for example, applications and other related forms):
2. Information about your transactions with us, our affiliates, or others, and
3. Information we received from a consumer-reporting agency.

**Information We May Share With Our Affiliates**
The Account Owner may share identification information (such as name and address), information about our transactions and experiences with you (such as payment history), and information that does not identify you with companies related to and experiences with you (such as payment history), and information that does not identify you, with companies related to us by common control or ownership ("affiliates"). By sharing this information, we are better able to service your accounts.

**Information with May Share with Nonaffiliated Companies**
The Account Owner may share all of the information we collect about you, as described above, with nonaffiliated companies as permitted by law. For Example:
- We may share information about you with companies that we use to perform account-servicing functions to manage and maintain your account and to process transactions that you have authorized and
- We may report information about you to consumer reporting agencies, government agencies in response to subpoenas, or others in connection with investigations.

**Confidentiality and Security of your Account**
The Account Owner restricts access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers, who provide support services to us. We maintain physical, electronic, and procedural safeguards to protect your personal information, if we use other companies to provide services for us, we require them to keep the information we share with them safe and secure and we do not allow them to use or share the information for any purpose other than the job they are hired to do.

**Additional Rights and Modifications**
You may have other privacy protections under state or federal laws including the Fair Debt Collection Practices Act. This notice does not affect any rights or privacy protections provided by these laws. We may amend this Privacy Notice at any time, and will inform you of changes as required by law.

Please be advised that your account is being serviced by Jumpstart Capital Management, LLC. Please direct all inquiries in regard to this notice to Jumpstart Capital Management, LLC, P.O. Box 4302, Scranton, PA 18505 or **(570) 955-0271.**

In accordance with the Fair Debt Collections Act (FDCPA): This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

**Vermont Residents Only:** Following the law of your state, we will not disclose personal financial information about you to nonaffiliated third parties (other than as permitted by law) unless you authorize us to make that disclosure. Your authorization must be in writing. If you wish to authorize us to disclose your nonpublic personal financial information to nonaffiliated third parties, you may write to us at P.O. Box 4302, Scranton, PA 18505.

# EXHIBIT B

*Arthur T Moyer*
*426 Brookside Dr.*
*Perkasie, Pa 18944*

NCC
245 Main St
Dickson City Pa
18519-1641

December 28, 2012
RE: ███4119

To whom it may concern,

I recently received a letter on 12/10/2012 referencing the above account number.

***This is notice disputing this debt. I am disputing this debt in its entirety and request validation of the above referenced account.***

Please be advised that all communication with me involving this matter should be made in writing to the above address and all telephone communication is forbidden.

Any future contact will be forwarded to my attorney.
Any future calls will be recorded.

Thank You,
Arthur T. Moyer



**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   NCC
   245 Main St.
   Dickson City Pa
   18519-1641

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered         ☒ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7010 1670 0001 4601 0181

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
Domestic Mail Only; No Insurance Coverage Provided

OFFICIAL USE

Postage          $ $0.45
Certified Fee       $2.95
Return Receipt Fee  $2.35
(Endorsement Required)
Restricted Delivery Fee  $0.00
(Endorsement Required)
Total Postage & Fees  $ $5.75

Sent To  NCC
Street, Apt No.;
or PO Box No.
City, State, ZIP+4

[Postmark: 12/29/2012 HONESDALE PA]

---

7010 1670 0001 4601 0181
0.30 oz.
Expected Delivery: Mon 12/31/12
Return Rcpt (Green Card)    $2.35
Certified                   $2.95
Label #:    70101670000146010181
=========
Issue PVI:                  $5.75

Total:                      $5.75

Paid by:
Cash                       $10.20
Change Due:                 -$4.00

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to usps.com/clicknship
to print shipping labels with postage. For
other information call 1-800-ASK-USPS.
*******************************************
*******************************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxes.
*******************************************
*******************************************

Bill#: 1000302407423
Clerk: 08

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
*******************************************
*******************************************
HELP US SERVE YOU BETTER

Go to: https://postalexperience.com/Pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
*******************************************
*******************************************

Customer Copy

# EXHIBIT C

Arthur T Moyer
426 Brookside Dr.
Perkasie, Pa 18944
Report #2772480230

Equifax Information Services LLC
PO BOX 740256
Atlanta, Georgia 30374

12/28/2012

Dear Sir or Madam.

I am writing to dispute the following information in my credit file. I have circled the items I dispute on the attached copy of the report I received.

1. ████████████████████████████████████████

2. ████████████████████████████████████████

3. ████████████████████████████████████████

4. ████████████████████████████████████████

5. ████████████████████

6. Northeast Credit and Collect #D394241xxxx. Not my account, Trade line is disputed in its entirety.

**Enclosed are copies of the checks and government forms supporting my position. Please investigate these matters and delete the disputed items as soon as possible.**

Sincerely,

Arthur T Moyer

**EQUIFAX**

P. O. Box 105518
Atlanta, GA 30348

CREDIT FILE : February 2, 2013
Confirmation # 3007073811

001334321-4373
Arthur Moyer
426 Brookside Dr
Perkasie, PA 18944-2464

Dear Arthur Moyer:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 265-8816 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

>>> We have reviewed your concerns and our conclusions are:

The disputed the bureaus account /41444 is currently not reporting on the Equifax credit file.

**Collection Agency Information** (This section includes accounts that have been placed for collection with a collection agency.)

>>> We have researched the collection account. Account # - ####119N1 The results are: We verified that this item belongs to you. You have additional questions about this item please contact: Northeast Credit & Collect, PO Box 3358, Scranton PA 18505-0358

Northeast Credit & Collections; Collection Reported 02/2013; Assigned 12/2012; Client - Household Bank; Amount - $1,908 ; Status as of 02/2013 - Unpaid; Date of 1st Delinquency 02/2008; Balance as of 02/2013 - $1,908 ; Individual Account; Account # - ####119N1; Address: 245 Main St Dickson City PA 18519-1641

**Credit Account Information**
(For your security, the last 4 digits of account number(s) have been replaced by )). (This section includes open and closed accounts reported by credit grantors).

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |
|---|---|---|---|

>>> We have researched the credit account. Account # - ####1408* The results are: This creditor has verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Chase Card Services, P.O.Box 15298, Wilmington DE 19850 Phone: (800) 955-9900*

( Continued On Next Page )

Page 1 of 4

3007073811APPLADM-001334321- 4373- 29877 - S